**FARMERS' LOAN & TRUST CO. v. BOWERS, Collector of Internal Revenue.**

District Court, S. D. New York. August 25, 1927.

Internal revenue ⬦8(5)—Liberty Bonds, constituting portion of trust estate of deceased, held exempt from estate tax.

Liberty Bonds, constituting portion of trust estate of deceased, *held* exempt from estate tax, under exemption provision of the various war bond statutes and amendment of Fourth Liberty Loan Act, as contained in Victory Liberty Loan Act (40 Stat. 1309).

On rehearing. Former decision modified. For previous decision, see 15 F.(2d) 706.

Taylor, Blanc, Capron & Marsh, of New York City (Henry C. Eldert, Charles Angulo, and Russell L. Bradford, all of New York City, of counsel), for plaintiff.

Charles H. Tuttle, U. S. Atty., of New York City (Thomas J. Crawford and Frank Chambers, Asst. U. S. Attys., both of New York City, of counsel), for defendant.

KNOX, District Judge. Upon a consideration of plaintiff's motion for a rehearing with respect to the estate tax levied on such portion of the trust estate of William Waldorf Astor, deceased, as consisted of Liberty Bonds, I am inclined to adopt plaintiff's argument that these bonds are exempt from taxation. Such result would seem to follow from an analysis of the exemption provision of the various war bond statutes, and the amendment of the Fourth Liberty Loan Act, as contained in the Victory Liberty Loan Act (40 Stat. 1309). Had it been intended that the estate and inheritance taxes on Liberty Bonds beneficially owned by a nonresident alien, not engaged in business in the United States, should not be included in the exemption provided by the amendment, it is reasonable to suppose that the fact would have been specifically stated, as was done in the previous Liberty Loan Acts. The failure of the legislation so to do would seem to justify the conclusion that plaintiff's contention as to the inclusive nature of the exemption is correct.

Until quite recently, I am told, the Treasury Department interpreted the exemption provision of the statute as providing that Liberty Bonds, when owned or held in trust for a nonresident alien at the time of his death, and who was not doing business in the United States, should not be included as a part of the gross estate in the United States, for the purpose of the estate tax. My information is also to the effect that, in practice, the interpretation of the department was put into effect. This circumstance is not without persuasion in bringing me to the point of concluding that plaintiff's position in the matter should be sustained.

My previous decision in this case, under date of September 20, 1926 (15 F.[2d] 706), will be modified to the extent indicated in the foregoing memorandum.